**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Newton AC/DC Fund, L.P., Patagon Management LLC, and Scallion Trading Ltd., on behalf of all other similarly situated Plaintiffs, <br><br> Plaintiffs, <br> v. <br><br> Maxim Ermilov, <br><br> Defendant, <br><br> and <br><br> Circle Internet Financial, LLC, <br><br> Relief Defendant. | Civil Action No. _____ |

## DECLARATION OF WILLIAM H. NEWMAN

William H. Newman hereby states the following:

1. I am an attorney who represents the Newton AC/DC Fund L.P., Patagon Management LLC, and Scallion Trading Ltd. (the "Named Plaintiffs") in connection with an action pending between them as named plaintiffs in a class action lawsuit (the "Class Action") against Maxim Ermilov. I submit this declaration in support of the Named Plaintiffs' motion for a temporary restraining order, a preliminary injunction, and for alternative service, dated May 28, 2026 (the "TRO Motion"), seeking to, among other things, prohibit Ermilov from transferring any further assets belonging to investors and directing Circle Internet Financial, LLC ("Circle") to freeze a substantial portion of those assets pursuant to its blacklisting policy.

2.      I make this Declaration pursuant to Fed. R. Civ. P. 65(b)(1) and N.D. Cal. Local Rule 65-1(a)(5), to explain reasons why notice upon Ermilov of the Named Plaintiffs' motion for a temporary restraining order should not be required.

3.      As more fully set out in the Complaint and Declaration of Eric S. Meyer, dated May 28, 2026, Ermilov has engaged in contemptible conduct with respect to the Named Plaintiffs and others and has demonstrated his intent to cause the Named Plaintiffs irreparable injury.

4.      In particular, Ermilov has removed assets belonging, in part, to the Named Plaintiffs from the Treasury[1] wallets and deposited them into wallets designed to conceal transfers and transaction details.  These transfers indicate Ermilov is preparing to abscond with Treasury assets using methods that are likely to be untraceable.

5.      Absent the injunctive relief, there will be nothing to prevent Ermilov from further transferring Treasury assets in transactions that are likely to be untraceable, causing irreparable harm to the Named Plaintiffs and others.  This prejudice is the very reason that a temporary restraining order is sought pending a hearing on the request for a preliminary injunction.

6.      Time is of the essence for the injunctive relief.  Ermilov has already moved $15.77 million worth of Treasury assets and deposited the majority of those assets in wallets designed to enhance secrecy and allow for confidential transfers to other wallets.  Thus, Ermilov could transfer the assets beyond the Named Plaintiffs' reach at any time.  Accordingly, there is not enough time for a motion on notice seeking injunctive relief.  Only an immediate temporary restraining order will preserve the status quo to avoid irreparable injury.

7.      I notified Circle's counsel by email today that the Named Plaintiffs are making this motion, and I will send the filed papers to Circle immediately after this motion is filed.

---

[1] Terms not defined herein are used as defined in the TRO Motion.

2

8.      The temporary restraining order should issue without notice to Ermilov because his actions demonstrate an intent to dissipate Treasury assets in a way that will prevent the Named Plaintiffs from tracing them.  Moreover, Ermilov is a Russian national, resides abroad, and has no known physical address.  Finally, notice may prompt Ermilov to hide the Treasury assets beyond the Court's power to attach.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Brooklyn, New York
on May 28, 2026.

_____

William H. Newman