**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Newton AC/DC Fund, L.P., Patagon Management LLC, and Scallion Trading Ltd., on behalf of all other similarly situated Plaintiffs,

                Plaintiffs,

       v.

Maxim Ermilov,

                Defendant,

          and

Circle Internet Financial, LLC,

             Relief Defendant.

Civil Action No. 5:26-cv-05055

[PROPOSED] EX PARTE TEMPORARY RESTRAINING ORDER,  ORDER GRANTING TEMPORARY SERVICE, AND  ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**[PROPOSED] EX PARTE TEMPORARY RESTRAINING ORDER,**
**ORDER GRANTING TEMPORARY SERVICE, AND**
**ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

Plaintiffs Newton AC/DC Fund, L.P. (the "Fund"), Patagon Management LLC ("Patagon"), Scallion Trading Ltd. ("Scallion," and together with the Fund and Patagon, the "Named Plaintiffs"), individually and on behalf of all other similarly situated class members, have filed a complaint, asserting claims against Maxim Ermilov for fraudulent transfer under the California Uniform Voidable Transfers Act and breach of contract.

The Named Plaintiffs have applied *ex parte* for an emergency temporary restraining order and an order to show cause why a preliminary injunction should not issue under Fed. R. Civ. P. 65(b) and Rule 65-1 of the Local Rules for the Northern District of California.

Upon the Named Plaintiffs' Complaint, the Declaration of Eric S. Meyer, dated May 28, 2026, and all other documents submitted in this action, the Court hereby GRANTS the

1

Named Plaintiffs' application for an *ex parte* temporary restraining order as follows:

**THE COURT HEREBY FINDS THAT:**

**I.**    Jurisdiction and Venue

1.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(C) because at least one class member of the plaintiff's proposed class is a citizen of a State, the defendant is a foreign resident, and the amount in controversy exceeds $5 million.

2.    The Court has personal jurisdiction over Maxim Ermilov because he has transacted business, maintained substantial contacts, and/or committed overt acts in furtherance of the disputed conduct in California.

3.    The Court has personal jurisdiction over relief defendant Circle Internet Financial LLC ("Circle") because it is a necessary party to be joined pursuant to Fed. R. Civ. P. 19(a)(1)(A) and will be served with a summons pursuant to Fed. R. Civ. P. 4(k)(1)(B).

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Ermilov is deemed to reside in any judicial district in which he is subject to the Court's personal jurisdiction.

**II.**    Temporary Restraining Order Factors

The Court finds that the Named Plaintiffs have established each of the factors required for a temporary restraining order: (1) a likelihood of success on the merits; (2); irreparable harm (3) the balance of equities tips in their favor; and (4) the relief would serve the public interest.  *Perez v. Wolf*, 445 F. Supp. 3d 275, 292 (N.D. Cal. 2020).

**III.**    Likelihood of Success on the Merits

3.    Plaintiffs have shown at a minimum that its complaint raises questions serious enough to require litigation.  *See Koller v. Brown*, 224 F. Supp. 3d 871, 875 (N.D. Cal. 2016)

(quoting *Benda v. Grand Lodge of Int'l Assoc. of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978)).

4.      *Fraudulent Transfer.*   The Named Plaintiffs have raised serious questions regarding transfers made by Ermilov with the intent to hinder, delay, or defraud the Plaintiffs. Ermilov transferred substantially all Treasury assets away from wallets controlled by the Overnight Finance protocol to wallets controlled by him alone, deposited the assets in Zama smart contracts designed for confidential transfers, controls the Treasury assets in the Zama smart contracts, and moved the assets mere hours before a vote on the Proposal reached a quorum.

5.      *Breach of Contract.*   The Named Plaintiffs have raised serious questions that Ermilov breached his contractual obligations by transferring assets away from the Treasury wallets and demonstrating an intent to refuse to honor OVN token holders' vote on the Proposal. The Named Plaintiffs and Ermilov entered into a contract when the Named Plaintiffs purchased OVN tokens and, in exchange, Ermilov promised to confer rights to vote on the distribution of Treasury assets and to abide by the results of any such elections.   Ermilov breached the agreement by dissipating the Treasury assets and hiding his transfers from the Named Plaintiffs. As a result, the Named Plaintiffs suffered damages because they cannot obtain the full Treasury assets.

**IV.**   Irreparable Harm

6.      The Named Plaintiffs have established that they will suffer immediate, irreparable harm if this Court denies its request for a temporary restraining order to freeze the digital   assets   currently   held   in   the   smart   contract   at   this   address: 0xe978F22157048E5DB8E5d07971376e86671672B2 (the "Zama Wallet") and to prevent Ermilov from transferring any further Treasury assets in the following wallets:

3

- 0x898137400867603e6d713cbd40881dd0c79e47cb;
- 0xf02d9f19060ee2dd50047dc6e1e9ebac9ba436fe;
- 0x784cf4b62655486b405eb76731885cc9ed56f42f;
- 0xe497285e466227f4e8648209e34b465daa1f90a0; and
- 0x9030d5c596d636eefc8f0ad7b2788ae7e9ef3d46.

7.    In particular, the Named Plaintiffs have shown that Ermilov's course of conduct shows that there is a significant risk that he may dissipate the assets in the Zama Wallet or transfer further Treasury assets into untraceable cryptocurrency accounts.   The Named Plaintiffs have also shown that, because cryptocurrency transactions are instantaneous and anonymous, it is imperative to freeze the assets in the Zama Wallet to maintain the status quo and avoid the dissipation of the digital assets held by Ermilov.

**V.**    Greater Harm

11.    The Named Plaintiffs have also demonstrated that Ermilov would not suffer a greater harm as a result of a temporary restraining order.

12.    The Named Plaintiffs would be severely prejudiced if Ermilov dissipates the funds wrongfully withheld from the Named Plaintiff, and Ermilov faces no such prejudice.

13.    Ermilov faces no harm from freezing the Zama Wallet and maintaining the status quo, while the Named Plaintiffs will face irreparable harm.

**VI.**    Public Interest

14.    The Named Plaintiffs have shown that the public interest favors granting a temporary restraining order.

15.    The public interest would be served by protecting against the risk that funds, such as those belonging, in part, to the Named Plaintiffs, will be illegally transferred, and by promoting the objective of the Financial Crimes Enforcement Network (FinCEN) by assuring

the public that courts will protect investors' assets from bad actors and aid investors in their recovery of wrongfully withheld assets when they can be readily located and traced to specific locations rather than waiting until after the funds have been transferred out to untraceable cryptocurrency accounts.

**VII.** TEMPORARY RESTRAINING ORDER

I. **ORDERED**, that the Named Plaintiffs have established each of the factors required for a temporary restraining order: (1) a likelihood of success on the merits; (2); irreparable harm (3) the balance of equities tips in their favor; and (4) the relief would serve the public interest. *Perez v. Wolf*, 445 F. Supp. 3d 275, 292 (N.D. Cal. 2020).

II. **ORDERED**, that Ermilov, and anyone acting in concert with him, are enjoined, anywhere in the world, from taking any action to abscond with, transfer, remove, or otherwise move assets in the following cryptocurrency wallets:

- 0xf7fcc767de537953b3519d4b3097a24a6dfe1c84 (the "New Wallet");
- 0x898137400867603e6d713cbd40881dd0c79e47cb;
- 0xf02d9f19060ee2dd50047dc6e1e9ebac9ba436fe;
- 0x784cf4b62655486b405eb76731885cc9ed56f42f;
- 0xe497285e466227f4e8648209e34b465daa1f90a0;
- 0x9030d5c596d636eefc8f0ad7b2788ae7e9ef3d46; and
- 0xe978F22157048E5DB8E5d07971376e86671672B2.

III. **ORDERED**, that Circle is directed to block or disable the USDC tokens, on the Ethereum blockchain, in the following cryptocurrency wallet: 0xe978F22157048E5DB8E5d07971376e86671672B2.

IV. Upon service as provided for in this Order, Ermilov and Circle shall be deemed to have actual notice of the issuance and terms of this Temporary Restraining Order, and any act

by Ermilov or Circle in violation of any of the terms of the Temporary Restraining Order may be considered and prosecuted as contempt of Court.

**VIII.** Security for Preliminary Injunction Order

    **I.** ORDERED, that the Named Plaintiffs shall not be required to provide a bond in support of this Temporary Restraining Order.

**IX.** ORDER TO SHOW CAUSE

I. **ORDERED**, that Ermilov shall appear before this Court, at the Courthouse located at 280 South 1st Street, San Jose, California, on June __, 2026, at _____, or as soon thereafter as counsel may be heard, and show why an Order should not be made and entered, pursuant to Fed. R. Civ. P. 65 and Local Rule 65-1, (a) restraining Defendants from taking any action to abscond with, transfer, remove, or otherwise move assets in the following cryptocurrency wallets:

- 0x898137400867603e6d713cbd40881dd0c79e47cb;
- 0xf02d9f19060ee2dd50047dc6e1e9ebac9ba436fe;
- 0x784cf4b62655486b405eb76731885cc9ed56f42f;
- 0xe497285e466227f4e8648209e34b465daa1f90a0;
- 0x9030d5c596d636eefc8f0ad7b2788ae7e9ef3d46; and
- 0xe978F22157048E5DB8E5d07971376e86671672B2;

and (b) directing Circle to block or disable the USDC tokens, on the Ethereum blockchain, in the following cryptocurrency wallet:

0xe978F22157048E5DB8E5d07971376e86671672B2.

II. **ORDERED**, that answering papers, if any, shall be served so they are actually received by the Named Plaintiffs' counsel by June __, 2026.

6

III.    **ORDERED**, that service of a copy of this Order, together with the papers upon which it is granted, shall be made upon Ermilov and Circle on or before June __, 2026.

**X.**    ORDER PERMITTING ALTERNATIVE SERVICE

I.    **ORDERED**, that the Court finds good cause exists to grant alternative service of the filings in this matter, including the Orders herein, by service to Ermilov by email (wmermus@gmail.com) and by posting to the Discord forum where Ermilov has been active. Given the online nature of Ermilov's conduct, alternative service is most likely to give Ermilov notice of the filings pertaining to this lawsuit.

II.    **ORDERED**, that good cause having been shown, service of the foregoing papers shall be made on Ermilov in the manner forth herein and Circle within ___ days of the undersigned date.

SO ORDERED:

_____

Hon.
United States District Judge

7