**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Newton AC/DC Fund, L.P., Patagon Management LLC, and Scallion Trading Ltd., on behalf of all other similarly situated Plaintiffs, | |
| Plaintiffs, | Civil Action No. 5:26-cv-05055-PCP |
| v. | |
| Maxim Ermilov, | |
| Defendant, | |
| and | |
| Circle Internet Financial, LLC, | |
| Relief Defendant. | |

**STIPULATED CONSENT <u>TEMPORARY RESTRAINING ORDER</u>, <span style="color:red">AS MODIFIED</span>**

Plaintiffs Newton AC/DC Fund, L.P. (the "Fund"), Patagon Management LLC ("Patagon"), Scallion Trading Ltd. ("Scallion," and together with the Fund and Patagon, the "Named Plaintiffs"), individually and on behalf of all other similarly situated class members, have filed a complaint, asserting claims against Maxim Ermilov for fraudulent transfer under the California Uniform Voidable Transfers Act and breach of contract.

The Named Plaintiffs have applied *ex parte* for an emergency temporary restraining order and an order to show cause why a preliminary injunction should not issue under Fed. R. Civ. P. 65(b) and Rule 65-1 of the Local Rules for the Northern District of California.

**AND NOW**, on this 5th day of June 2026, pursuant to the agreement of the Named Plaintiffs and Defendant Maxim Ermilov, by counsel, **IT IS HEREBY ORDERED** that,

1

I.  Ermilov represents that he has transferred $12,492,464.27 in USDC from the Zama protocol to the to the following wallet identified in the Complaint: 0x9030D5C596d636eEFC8f0ad7b2788AE7E9ef3D46.

II.  Until further order of this Court, Ermilov, and anyone acting in concert with him, are enjoined, anywhere in the world, from taking any action to transfer any assets from the following cryptocurrency wallets:

- 0xf7fcc767de537953b3519d4b3097a24a6dfe1c84;
- 0x898137400867603e6d713cbd40881dd0c79e47cb;
- 0xf02d9f19060ee2dd50047dc6e1e9ebac9ba436fe;
- 0x784cf4b62655486b405eb76731885cc9ed56f42f;
- 0xe497285e466227f4e8648209e34b465daa1f90a0; and
- 0x9030d5c596d636eefc8f0ad7b2788ae7e9ef3d46.

III.  The Named Plaintiffs are not required to give an undertaking while this Order remains in effect.

IV.  The parties' agreement and stipulation to entry of this Order is not and shall not be deemed an admission of any fact or allegation by either party or that either party is acting or has acted improperly or unlawfully, and each party reserves and preserves all of its respective rights, claims, and defenses, including but not limited to all jurisdictional defenses, without limitation.

V.  The Named Plaintiffs shall file a renewed motion for preliminary injunction (the "Renewed PI Motion") on or before June 5, 2026.

VI.  Answering papers, if any, shall be filed on or before June 12, 2026.

VII.  Reply papers, if any, shall be filed on or before June 18, 2026.

VIII.  The Court will hold a consolidated hearing ~~and trial~~ on the Renewed PI Motion on July 14,  2026 at 2:00pm.  The hearing shall be in-person in Courtroom 8 of this Court's San José courthouse, located at 280 S. 1st Street, San José, CA 95113.

Dated:  June 3, 2026

/s/ William H. Newman                                    /s/ Mack Wilding

William H. Newman                                        Mack Wilding
*Appearing pro hac vice*                                 *Pro hac vice forthcoming*
Tara Q. Higgins                                          165 S. Union Blvd., Suite 901
*Appearing pro hac vice*                                 Lakewood, CO 80228
33 Nassau Avenue, Second Floor                           T: (720) 663-0558
Brooklyn, New York 11222                                 mack@therodmanlawgroup.com
T: (718) 218-3360
will@willnewmanlawyer.com                                *Counsel for Defendant*
tara@willnewmanlawyer.com                                *Maxim Ermilov*

*Counsel for Named Plaintiffs*


Dated:  June 5, 2026                          **SO ORDERED:**

_____

Hon. P. Casey Pitts
United States District Judge