**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Newton AC/DC Fund, L.P., Patagon Management LLC, and Scallion Trading Ltd., on behalf of all other similarly situated Plaintiffs,

               Plaintiffs,

       v.

Maxim Ermilov,

               Defendant,

       and

Circle Internet Financial, LLC,

               Relief Defendant.

Civil Action No. 5:26-cv-05055-PCP

## [PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

Plaintiffs Newton AC/DC Fund, L.P. (the "Fund"), Patagon Management LLC ("Patagon"), Scallion Trading Ltd. ("Scallion," and together with the Fund and Patagon, the "Named Plaintiffs"), individually and on behalf of all other similarly situated class members, have filed a complaint, asserting claims against Maxim Ermilov for fraudulent transfer under the California Uniform Voidable Transfers Act and breach of contract.

The Named Plaintiffs have applied for a preliminary injunction under Fed. R. Civ. P. 65(b) and Rule 65-1 of the Local Rules for the Northern District of California.

Upon the Named Plaintiffs' Complaint, the Declaration of Eric S. Meyer, dated June 5, 2026, and all other documents submitted in this action, the Court hereby GRANTS the Named Plaintiffs' application for a preliminary injunction as follows:

1

**THE COURT HEREBY FINDS THAT:**

**Jurisdiction and Venue**

**A.**    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(C) because at least one class member of the plaintiff's proposed class is a citizen of a State, the defendant is a foreign resident, and the amount in controversy exceeds $5 million.

**B.**    The Court has personal jurisdiction over Maxim Ermilov because he has consented to such jurisdiction.

**C.**    Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Ermilov is deemed to reside in any judicial district in which he is subject to the Court's personal jurisdiction.

**Preliminary Injunction Factors**

The Court finds that the Named Plaintiffs have established each of the factors required for a preliminary injunction: (1) a likelihood of success on the merits; (2); irreparable harm (3) the balance of equities tips in their favor; and (4) the relief would serve the public interest. *Perez v. Wolf*, 445 F. Supp. 3d 275, 292 (N.D. Cal. 2020).

**Likelihood of Success on the Merits**

**I.**    The Named Plaintiffs have shown at a minimum that its complaint raises questions serious enough to require litigation. *See Koller v. Brown*, 224 F. Supp. 3d 871, 875 (N.D. Cal. 2016) (quoting *Benda v. Grand Lodge of Int'l Assoc. of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978)).

**A.**    *Fraudulent Transfer.*  The Named Plaintiffs have raised serious questions regarding transfers made by Ermilov with the intent to hinder, delay, or defraud the Plaintiffs. Ermilov transferred substantially all Treasury assets away from wallets controlled by the Overnight Finance protocol to wallets controlled by him alone, deposited the assets in Zama

smart contracts designed for confidential transfers, controls the Treasury assets in the Zama smart contracts, and moved the assets mere hours before a vote on the Proposal reached a quorum.

**B.**    *Breach of Contract*.  The Named Plaintiffs have raised serious questions that Ermilov breached his contractual obligations by transferring assets away from the Treasury wallets and demonstrating an intent to refuse to honor OVN token holders' vote on the Proposal.  The Named Plaintiffs and Ermilov entered into a contract when the Named Plaintiffs purchased OVN tokens and, in exchange, Ermilov promised to confer rights to vote on the distribution of Treasury assets and to abide by the results of any such elections.  Ermilov breached the agreement by dissipating the Treasury assets and hiding his transfers from the Named Plaintiffs.  As a result, the Named Plaintiffs suffered damages because they cannot obtain the full Treasury assets.

## Irreparable Harm

**II.**    The Named Plaintiffs have established that they will suffer immediate, irreparable harm if this Court denies its request for a preliminary injunction to prevent Ermilov from transferring any further Treasury assets in the following wallets:

- 0x898137400867603e6d713cbd40881dd0c79e47cb;

- 0xf02d9f19060ee2dd50047dc6e1e9ebac9ba436fe;

- 0x784cf4b62655486b405eb76731885cc9ed56f42f;

- 0xe497285e466227f4e8648209e34b465daa1f90a0; and

- 0x9030d5c596d636eefc8f0ad7b2788ae7e9ef3d46.

**III.**    In particular, the Named Plaintiffs have shown that Ermilov's course of conduct shows that there is a significant risk that he may dissipate the assets or transfer Treasury assets into untraceable cryptocurrency accounts.  The Named Plaintiffs have also shown that, because

cryptocurrency transactions are instantaneous and anonymous, it is imperative to prevent Ermilov from dissipating the digital assets in which the Named Plaintiffs claim an interest.

## Greater Harm

I.    The Named Plaintiffs have also demonstrated that Ermilov would not suffer a greater harm as a result of a temporary restraining order.

II.    The Named Plaintiffs would be severely prejudiced if Ermilov dissipates the funds wrongfully withheld from the Named Plaintiffs, and Ermilov faces no such prejudice.

III.    Ermilov faces no harm from maintaining the status quo, while the Named Plaintiffs will face irreparable harm.

## Public Interest

I.    The Named Plaintiffs have shown that the public interest favors granting a preliminary injunction.

II.    The public interest would be served by protecting against the risk that funds, such as those belonging, in part, to the Named Plaintiffs, will be illegally transferred, and by promoting the objective of the Financial Crimes Enforcement Network (FinCEN) by assuring the public that courts will protect investors' assets from bad actors and aid investors in their recovery of wrongfully withheld assets when they can be readily located and traced to specific locations rather than waiting until after the funds have been transferred out to untraceable cryptocurrency accounts.

## PRELIMINARY INJUNCTION ORDER

I.    **ORDERED**, that the Named Plaintiffs have established each of the factors required for a preliminary injunction: (1) a likelihood of success on the merits; (2); irreparable harm (3) the balance of equities tips in their favor; and (4) the relief would serve the public interest. *Perez v. Wolf*, 445 F. Supp. 3d 275, 292 (N.D. Cal. 2020).

4

II.    **ORDERED**, that Ermilov, and anyone acting in concert with him, are enjoined, anywhere in the world, from taking any action to abscond with, transfer, remove, or otherwise move assets in the following cryptocurrency wallets:

- 0xf7fcc767de537953b3519d4b3097a24a6dfe1c84 (the "New Wallet");

- 0x898137400867603e6d713cbd40881dd0c79e47cb;

- 0xf02d9f19060ee2dd50047dc6e1e9ebac9ba436fe;

- 0x784cf4b62655486b405eb76731885cc9ed56f42f;

- 0xe497285e466227f4e8648209e34b465daa1f90a0; and

- 0x9030d5c596d636eefc8f0ad7b2788ae7e9ef3d46.

III.    Upon service as provided for in this Order, Ermilov shall be deemed to have actual notice of the issuance and terms of this Preliminary Injunction Order, and any act by Ermilov in violation of any of the terms of the Preliminary Injunction Order may be considered and prosecuted as contempt of Court.

**Security for Preliminary Injunction Order**

IV.    **ORDERED**, that the Named Plaintiffs shall not be required to provide a bond in support of this Preliminary Injunction Order.

Dated:_____            **SO ORDERED:**

_____
Hon. P. Casey Pitts
United States District Judge