# NEWMAN LITIGATION PLLC

33 Nassau Avenue, Second Floor, Brooklyn, New York 11222
(718) 218-3360 · http://www.newmanl.com

**Will Newman**
will@newmanl.com

---

**Via ECF**                                                                                     July 15, 2026

The Hon. P. Casey Pitts
United States District Court, Northern District of California
280 South First Street
San Jose, California 95113

      **Re:**    *Newton AC/DC Fund L.P., et al. v. Maxim Ermilov, 26-cv-5055 (PCP)*

Dear Judge Pitts:

This firm represents the plaintiffs in the above-captioned matter.  I write following oral argument on the plaintiffs' motion for a preliminary injunction to address an issue that arose during the argument.  The plaintiffs seek a preliminary injunction, restraining the defendant from transferring more than $12 million in assets (the "Treasury Assets").  The Court asked about its ability to grant preliminary relief that concerned all of the Treasury Assets when the named plaintiffs claim entitlement to only a fraction of them.

Even if the Court did not certify the putative class for the purpose of the preliminary injunction, there are two reasons the Court should still restrain all of the Treasury Assets.

First, the plaintiffs' voidable transfer claim does not seek money damages on behalf of the named plaintiffs.  Instead, it seeks to avoid the defendant's transfer of funds from certain cryptocurrency wallets.  Any individual plaintiff can seek that relief so long as the requirements of the Uniform Voidable Transfers Act is satisfied, as the plaintiffs explain they are here in their reply memorandum.  *See* ECF No. 27 at 5-6.

*Goldwater Bank, N.A. v. Elizarov*, 2021 U.S. Dist. LEXIS 144579 (C.D. Cal. Apr. 20, 2021) illustrates how a court may grant an injunction to freeze assets on an equitable claim beyond what a plaintiff may collect.  In that case, the plaintiff sought to collect a $685,000 debt from a mortgage.  The court granted an injunction on a constructive trust claim, restraining the $1.355 million in proceeds, even though the plaintiff did not seek to collect that whole amount.  The Ninth Circuit affirmed.  2023 U.S. App. LEXIS 1877 (9th Cir. Jan. 25. 2023).

This makes sense here since the goal of the plaintiffs' voidable transfer claims is to avoid dissipation of assets and not to obtain individual relief.  Here, the named plaintiffs seek that equitable relief, and so an injunction to avoid the whole transfer is appropriate.

Second, even after *M.R. v. Dreyfus*, 697 F.3d 706 (9th Cir. 2012), federal courts in California retained the ability to grant class-wide preliminary relief before certification.  For example, in *Nak Kim Chhoeun v. Marin*, 306 F. Supp. 3d 1147, 1164 (C.D. Cal. 2018), the Court granted class-

The Hon. P. Casey Pitts
Julu 15, 2026
Page 2

wide relief six years after *Dreyfus* for the same reasons cited in plaintiffs' reply memorandum. *See* ECF No. 27 at 11.

Moreover, the *Dreyfus* Court did not state that certification was required in all cases before preliminary injunctive relief. It stated that its limit to the scope of an injunction was "subject to exceptions not applicable here." 697 F.3d at 738 (citing *Zepeda v. INS*, 753 F.2d 719, 728 fn. 1). The *Zepeda* footnote explains that exception: when the scope of the relief sought in the injunction is the same as the scope of the relief sought in the underlying action.

Unlike in *Dreyfus* and *Zepeda*, the exception applies to plaintiffs here. In *Dreyfus* and *Zepeda,* the plaintiffs challenged the validity of laws. If they succeeded on an individual basis, the laws would be unenforceable against them individually, but not against third parties. But here, if the name plaintiffs succeed on their voidable transfer, the entire transfer of the Treasury Assets is voidable, not only the fraction of it due to the name plaintiffs.

Respectfully submitted,

William H. Newman